**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Vaillancourt,<br><br>    Petitioner,<br><br>vs.<br><br>State of Arizona; et al.,<br><br>    Respondents. | No. MC-07-0050-PHX-JAT<br><br>**ORDER** |

    Pending before the Court is Petitioner Joseph Vaillancourt's Petition for Rule 27 Pre-suit Deposition (Doc. #1). Mr. Vaillancourt also has filed various other documents. He requests that the Court authorize the taking of depositions of several expected adverse parties.

    Federal Rule of Civil Procedure 27(a) allows a person who wants to take the deposition of an expected adverse party to file a petition in the district of the residence of any expected adverse party. The petition must show: 1) that the petitioner expects to be a party to a suit in a court of the United States, but that petitioner is presently unable to bring the suit or cause it to be brought; 2) the subject matter of the expected action and the petitioner's interest therein; 3) the facts that the petitioner wants to establish by the proposed testimony and the reasons for desiring to perpetuate it; 4) the names or description of the persons the petitioner thinks will be adverse parties and their addresses if known; and 5) the names and addresses of the persons to be examined and the substance of the testimony that the petitioner

expects to elicit from each. Fed. R. Civ. Proc. 27(a)(1). "If the court is satisfied that the perpetuation of the testimony may prevent a failure or delay of justice, it shall make an order designating or describing the persons whose depositions may be taken and specifying the subject matter of the deposition . . .." Fed. R. Civ. Proc. 27(a)(3).

The Court had some trouble understanding Mr. Vaillancourt's petition and other documents, but it appears he wants to question certain revenue agents[1] regarding their authority to investigate him. Mr. Vaillancourt has stated that he anticipates filing suit against the revenue agents, but has not explained why he cannot do so at this time. He states that he hopes to learn from the depositions what authority, statutory or other, the agents have to investigate him. In Petitioner's own words:

> Respondents are attempting to contact the Petitioners in a manner that does not identify the law, treaty, trust, contract, statute or recognizable code supported by regulation in this instant matter allowing presumption and assumptions to run wild.
>
> Petitioner believes that a pre-suit deposition will be helpful to both sides to narrow the issues required to resolve the matters of Respondents.
>
> Without granting this petition for an order for pre-suit deposition, justice would be impaired and crucial facts necessary to arrive at a just conclusion would be missed making it impossible for justice to prevail, prejudicing the rights of Petitioners.

Petitioner's Declaration in Support of Request for Pre-Suit Deposition, p.3 (Doc. #3).

Rule 27 is not a substitute for broad discovery. *Application of Deiulemar Compagnia Di Navigazione S.P.A. v. Allegra*, 198 F.3d 473, 485 (4th Cir. 1999). Nor can it be used as a means for ascertaining facts for drafting a complaint. *Id*. (citations omitted). "'Rule 27 properly applies only in that special category of cases where it is necessary to prevent testimony from being lost.'" *Id*. at 484 (quoting *Ash v. Cort*, 512 F.2d 909, 911 (3d Cir. 1975)). In order to obtain a pre-suit deposition, a Rule 27 petitioner must demonstrate why

---

[1] It is not clear if the agents are federal revenue agents or state revenue agents.

- 2 -

1  the testimony will be lost if not preserved before trial. *Calderon v. US. Dist. Court for N.*
2  *Dist. of California*, 144 F.3d 618, 621 (9th Cir. 1998).

3      Mr. Vaillancourt has not demonstrated that the testimony he hopes to elicit from the
4  revenue agents will be lost if he cannot depose them before filing suit.  For example, Mr.
5  Vaillancourt has not stated that one of the parties he wants to depose is terminally ill or about
6  to move to foreign country, etc.  Nor has he established why he cannot file suit at this point.
7  Basically, Mr. Vaillancourt wants to use the pre-suit depositions to clarify the issues that
8  exist between the parties.  This is not a legitimate use of Rule 27 procedures.  The Court is
9  not satisfied that the perpetuation of testimony of the revenue agents will prevent a failure
10 or delay of justice.  The Court therefore will deny  Mr. Vaillancourt's request to take a pre-
11 suit deposition.

12     Accordingly,

13     IT IS ORDERED DENYING Petitioner's Petition for Rule 27 Pre-Suit Deposition
14 (Doc. #1).

15     DATED this 14th day of June, 2007.

_____
James A. Teilborg
United States District Judge